```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

JAMES F. MERVIN, SR.,           )
          Plaintiff,            )
                                )
     v.                         )  C.A. No. 05-10044-RGS
                                )
STEVE BARRY, MAINTENANCE        )
SUPERVISOR                      )
          Defendant.            )
```

MEMORANDUM AND ORDER

For the reasons stated below, if plaintiff wishes to proceed with this action, he is directed to file a complaint accompanied either by the $150.00 filing fee or a fee-waiver application.

BACKGROUND

On or about December 15, 2004, Mr. James F. Mervin, Sr., of Roxbury, Massachusetts, submitted to this Court a civil rights complaint written on a form provided by the Civil Rights Division of the Massachusetts Attorney General's Office.  Mr. Mervin's complaint form is accompanied by several documents concerning his employment with the Boston Housing Authority ("BHA") and the BHA's denial of his Freedom of Information Act request for documents.  Mr. Mervin's complaint states that he has been "victimized by [a] discriminatory act in violation of [his] civil rights under Title VI of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000d) under program and activity receiving federal financial assistance at the Boston

Housing Authority."

## DISCUSSION

Here it is unclear whether Mr. Mervin intends to initiate a civil proceeding in this federal court. In order to commence a civil action in this Court, a plaintiff must file a complaint. Fed. R. Civ. P. 3. The complaint must contain a "short and plain statement" (1) of the grounds upon which the court's jurisdiction rests and (2) of the claim(s) showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). The complaint must also contain a demand for judgment. Id.

Additionally, a party filing a civil complaint in this Court must either (1) pay the $150.00 filing fee or (2) file an Application to Proceed Without Prepayment of Filing Fees and Affidavit. See 28 U.S.C. 1914(a) ($150.00 filing fee); 28 U.S.C. 1915 (proceedings in forma pauperis). Here, plaintiff failed to either pay the filing fee or file a fee-waiver application.

To the extent Mr. Mervin seeks to bring this action pursuant to Title VII, Title VI of the Civil Rights Act of 1964 provides that "[n]o person ... shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving

Federal financial assistance." 42 U.S.C. § 2000d. This statute is enforceable by an implied private right of action in favor of injured individuals, but only with respect to intentional discrimination. See Alexander v. Sandoval, 532 U.S. 275, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001).

Plaintiff's pleading appears to assert claims of employment discrimination based on race, a claim that falls within Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., ("Title VII"), and Chapter 151B of the laws of Massachusetts, Mass. Gen. Laws. ch. 151B, § 1, et seq. ("Chapter 151B"). However, such a claim would be subject to dismissal because Mr. Mervin has not alleged exhaustion of his administrative remedies with either the Equal Employment Opportunity Commission or the Massachusetts Commission Against Discrimination.

Finally, to the extent Mr. Mervin may wish to bring an action under the under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, such a claim would be subject to dismissal because the FOIA applies to certain federal agencies. See 5 U.S.C. §§ 551(a), 552(a). It does not apply to private companies, individuals, or state agencies.

## CONCLUSION

Accordingly, if plaintiff wishes to proceed with this action, he is directed to file a complaint accompanied by

either the $150.00 filing fee or a fee waiver application within thirty-five (35) days from the date of this Memorandum and Order, or this action will be dismissed.

    The Clerk is directed to send plaintiff (1) a copy of "Step by Step: A Simple Guide to Filing a Civil Action;" and (2) an Application to Proceed Without Prepayment of Fees.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>13th</u> day of <u>January</u>, 2005.

                                <u>/s/ Richard G. Stearns</u>
                                RICHARD G. STEARNS
                                UNITED STATES DISTRICT JUDGE